**VIETNAM VETERANS OF AMERICA, et al., Appellants,**

v.

**DEPARTMENT OF the NAVY, et al.**

**No. 88–5347.**

United States Court of Appeals, District of Columbia Circuit.

Argued May 8, 1989.

Decided May 24, 1989.

Issued for Publication June 2, 1989.

Ronald S. Flagg, with whom Donald H. Smith, David F. Addlestone and Barton F. Stichman, Washington, D.C., were on the brief, for appellants.

Mark E. Nagle, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., John D. Bates and R. Craig Lawrence, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellees.

Before MIKVA, EDWARDS and BUCKLEY, Circuit Judges.

Opinion for the Court filed by Circuit Judge MIKVA.

MIKVA, Circuit Judge:

The Vietnam Veterans of America and the Veterans Education Project, Inc. brought suit to gain access under the Freedom of Information Act ("FOIA") to legal opinions issued by the Judge Advocate Generals of the Department of the Navy and the Department of the Army.  The Army and Navy have released opinions dealing with subject areas over which the

respective Judge Advocate General has authority to act. At issue are opinions on other legal subjects sent to service officers at their request. The district court granted summary judgment for the government and the veterans' groups appeal.

We find that the documents sought by appellants do not contain statements of policy or interpretations adopted by the Department of the Army or the Department of the Navy, and therefore do not fall within 5 U.S.C. § 552(a)(1) or (2), the FOIA provisions upon which appellants base their claim. We do not reach the question of whether appellants are entitled to have access to these documents under 5 U.S.C. § 552(a)(3), because no request under that FOIA provision is before us.

The cases cited by appellants in support of their appeal are distinguishable. In *Schlefer v. United States*, 702 F.2d 233 (D.C.Cir.1983), the agency counsel opinions at issue operated as law, even though an officer requesting an opinion had the power to make his own decision, because any decision based on statutory interpretations had to be cleared with the Chief Counsel and the Chief Counsel would not clear action inconsistent with its advisory opinions. *Schlefer*, 702 F.2d at 238. In *Taxation With Representation v. Internal Revenue Service*, 646 F.2d 666 (D.C.Cir.1981), the agency counsel opinions for which access was sought stated policies and interpretations adopted by the agency because they had been rewritten to reflect the positions taken in final rulings by the officers with the authority to make those rulings. *Taxation With Representation*, 646 F.2d at 669–70. In *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854 (D.C. Cir.1980), the agency counsel opinions at issue operated as law because an auditor requesting an opinion was not empowered to disregard it. If he disagreed with an opinion that covered the factual situation before him, his only recourse was to appeal the matter to a higher authority within the agency. *Coastal States*, 617 F.2d at 860.

The district court did fail to review the Department of the Army documents submitted by appellants because it misper-

ceived appellants' discovery request as to the Army's documents; however, the evidence relied on by the district court as to both the Army and the Navy was sufficient to warrant summary judgment.

*Affirmed.*